IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORY BELL**, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. **03-445-JPG** |
| | ) |
| **ALAN UCHTMAN**,[1] | ) |
| | ) |
| Respondent. | ) |

### REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Cory Bell was convicted of first degree murder by a Madison County jury. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in which he raises one ground, that the state's closing argument deprived him of a fair trial because the prosecutor argued facts not in evidence and drew improper inferences from the facts.

### Procedural History

On September 28, 1999, Cory Bell was convicted by a jury in Madison County of the first degree murder of Troy Slack. He was sentenced to 45 years imprisonment. The Appellate Court affirmed on June 13, 2001, and the Supreme Court denied leave to appeal on October 3, 2001. The Supreme Court of the United States denied Bells' petition for writ of certiorari on November 4, 2002. **(Exhibits D, F, and G, attached to Doc. 11)**.

---

[1]Alan Uchtman is now the warden at Menard Correctional Center, and is therefore substituted as respondent. Rules Governing Section 2254 Cases, Rule 2(a).

Bell did not file a post conviction petition in state court.

The facts of the case are described in the Appellate Court's Rule 23 Order, attached to Doc. 11 as Exhibit D.  On April 14, 1998, Alfredo [Jones] and Anthony [Bell] "went to Alton, Illnois, to 'gank' people, *i.e.,* sell a cocaine look-alike substance to make some money."  Exhibit D, pp. 1-2.  Alfredo was driving, Anthony was in the front passenger seat, and defendant was in the back.  Also in the back seat was a sawed-off shotgun which belonged to Alfredo.

Alfredo drove to a housing project in Alton, Illinois, where they were flagged down by Troy Slack, the victim.  Slack said he wanted to buy $10.00 worth of cocaine and handed Alfredo $7.00.  Alfredo started to drive away, and Troy ran after the car, yelling that Alfredo should either give him the drugs or give him his money back.  Alfredo told Slack to "hold on" and he would give him the drugs.  Slack slowed to a walk, and Alfredo tried to drive away again. Slack ran after the car again, and leaned in with his hands on the steering wheel, yelling about getting his drugs.  Alfredo stopped the car.  Defendant then fired the sawed off shotgun at Troy. Troy walked away, and later died.  Exhibit D, p. 2.

Both Alfredo and Anthony pled guilty to first degree murder.  The Appellate Court described Alfredo as the state's "primary witness at trial."  Exhibit D, p. 1.

Pathologist Pamela Gronemeyer performed an autopsy on the victim's body.  She testified that the trajectory of the bullet was from back to front, and that Slack could not have been facing the driver or grabbing the shotgun when he was shot.  Exhibit D, p. 3.

## Grounds for Habeas Relief

Bell's only ground is that he was denied a fair trial by the state's closing argument.  He asserts that the prosecutor "argued facts not in evidence and drew improper inferences from the

2

facts. Doc. 1, p. 9. Specifically, he complains about the following statements:

1) "Alfredo Jones knew what happened, he knew Bell stuck that gun out and said "here's your ten piece" and pulled the trigger. He knew all that, and ... he pled guilty to armed robbery because he knew it wasn't an accident. He knew Cory Bell did this on purpose. He knew they were committing an armed robbery." Doc. 1, p. 9-A.

2) "There is no question whatsoever that this defendant knew that there was [a] sawed-off shotgun in the back seat, accessible to him, that was loaded. No doubt about that. Further, there is absolutely no doubt that he knew what the gun was for and what they were going to do. Now at that point, he is riding shotgun on what could be an armed robbery." Doc. 1, p. 9-C.

3) The prosecutor made statements about the gun, such as, Bell "it didn't get cocked accidentally" and "Guns don't go off and fire. That gun has to be cocked, that trigger has to be pulled, firmly, with intent, with knowledge of what you are doing." Doc. 1, p. 9-D, 9-D.

Respondent argues that this point is procedurally defaulted because, while it was raised on direct appeal, the state courts held that the point was waived because of defendant's failure to object at trial.

### Exhaustion and Procedural Default

Petitioner must clear two procedural hurdles before the Court may reach the merits of his *habeas corpus* petition: exhaustion of remedies and procedural default. **Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995).** "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court." **O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).** "[S]tate prisoners must give the state court one full opportunity to resolve

3

any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*; see also, 28 U.S.C. § 2254(c). In *O'Sullivan v. Boerckel*, the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). *O'Sullivan*, 526 U.S. at 843-846.

Petitioner can circumvent this bar to review if he is able to demonstrate cause for his procedural error **and** establish prejudice resulting from that error. *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999); and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). In order to demonstrate prejudice, petitioner must show that the violation of his federal rights caused him actual and substantial prejudice. *Id.*

**A.    Exhaustion**

Petitioner has exhausted all available avenues of relief through the Illinois system, in that he is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceeding. *See* **725 ILCS 5/122-1(c); see also** *O'Sullivan***, 526 U.S. at 844 (holding that repetitive petitions are not required).** Thus, petitioner has cleared the first procedural hurdle, exhaustion.

**B.    Procedural Default**

Bell did not object to the prosecutor's closing argument at trial. The Appellate Court noted that "Defendant admits that no objection to the remarks were made at the trial or raised in

4

his posttrial motion." Exhibit D, attached to Doc. 11, p. 4.  Defendant argued on appeal that his counsel was ineffective for failing to object, and that the failure to object should be excused.  In the alternative, he argued that the prosecutor's closing argument was plain error.

The Appellate Court held that the issue of the prosecutor's closing argument was waived by the failure to object, and that "even if defendant had not waived this issue, the remarks were proper." Exhibit D, p. 5.  The Appellate Court also rejected Bell's claim that his trial counsel had been ineffective for failing to object, holding that the failure to object did not prejudice Bell because the prosecutor's closing arguments were not improper.  Exhibit D, pp. 5-6.

Bell did not raise the issue of ineffective assistance of counsel in his federal habeas petition.

Bells' habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA.  "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." **Bell v. Cone, 535 U.S. 685, 693, 122 S.Ct. 1843, 1849 (2002)**.

Habeas is not another round of appellate review.  Federal courts do not review state court determinations of state law questions on habeas review.  **Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991);  Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir. 1993).  28 U.S. C. §2254(d)** restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding."

If a state court declines to review a claim because the petitioner failed to satisfy a state procedural rule, the claim is procedurally defaulted and barred from federal habeas review if the default constitutes an independent and adequate state ground. ***Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000); *Perry v. McCaughtry*, 308 F.3d 682, 688, 690-691 (7th Cir. 2002); *Pisciotti v. Washington*, 143 F.3d 296, 30 (7th Cir. 1998).**

The default is an independent and adequate state ground where the state court actually relied on the procedural default as the basis for its decision, and the procedural rule is firmly established and regularly followed. ***Braun*, 227 F.3d at 912.** Where the state court issues an alternative ruling, relying on both procedural and substantive grounds, the procedural ground bars federal habeas review. ***Moore v. Bryant*, 295 F.3d 771, 776 (7th Cir. 2002).**

Here, the Appellate Court's decision was an alternative holding. The Appellate Court clearly and explicitly held that petitioner's failure to object to the state's closing argument waived the issue, and cited two cases for that rule, ***People v. Enoch*, 122 I.. 2d 176 (1988), and *People v. Rush*, 294 Ill. App. 3d 334 (1998)**. Waiver is an independent and adequate state ground under Illinois law. ***Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002)**.

Because the state court held that Bell waived his objections to the prosecutor's closing argument, the issue cannot be considered by this Court unless Bell can show cause for his default and prejudice. ***Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750 111 S.Ct. 2546, 2565 (1991).**

Cause in this context means "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance

6

with the state's procedural rule." ***Barksdale v. Lane***, 957 F.2d 379, 385 (7th Cir. 1992); **see also, *Murray v. Carrier*, 477 U. S. 478, 488 (1986).** The "cause and prejudice" test is conjunctive: failure of the petitioner to satisfy one prong of the test relieves the Court of the necessity of addressing the other. ***Buelow v. Dickey*, 847 F.2d 420, 425 (7th Cir. 1988).**

Bell makes no attempt to demonstrate cause for his procedural default. He raised the issue of ineffective assistance of counsel in state court, but he has made no such claim here. Applying ***Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2025 (1984)**, the state court rejected his claim of ineffective assistance of counsel because it found that the state's argument was proper, and that, in any event, the argument did not prejudice Bell. If Bell had raised the ineffective assistance of counsel issue here, this Court would be constrained to agree with the state court.

Absent a specific showing of cause and prejudice, "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" ***Coleman*, 501 U.S. at 748, 750 111 S.Ct. at 2564.** This exception requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong. **See, *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518 (1992).** This is not such a case. Bell has not demonstrated a constitutional wrong, and he has not advanced a colorable claim of actual innocence. **See, *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence)**

## Recommendation

The state court held that the only ground raised here was waived because of failure to

object at trial and in a posttrial motion. Because the state court decided the case on an independent and adequate state ground, federal habeas relief is barred.

The Petition for Writ of Habeas Corpus should be denied.

Objections to this Report and Recommendation must be filed on or before **June 21, 2005.**

**DATE: June 2, 2005.**


                        **s/ Clifford J. Proud**
                        **CLIFFORD J. PROUD**
                        **UNITED STATES MAGISTRATE JUDGE**